IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SIMON P. DIPOUMBI, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY C. KRAUSS, <br><br> Defendant. | Civil Action No. 24-7002 <br> (RMB/EAP) <br><br> **MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon the Order [Docket No. 16] directing Plaintiff to show cause why the case should not be *sua sponte* dismissed or transferred for improper venue under 28 U.S.C. § 1406(a) or, alternatively, transferred to the United States District Court for the Southern District of New York for the convenience of the parties and witnesses and in the interest of justice under 28 U.S.C. § 1404(a).  Plaintiff has not timely complied with this Order, despite the Court's warning that failure to do so would likely be treated as a concession that venue is improper and that transfer to the Southern District of New York is appropriate [Docket No. 16].  Instead, Plaintiff's counsel filed a cursory letter addressed to Magistrate Judge Pascal noting only that he remains "cautiously optimistic" that his client will accept a settlement and, if not, that he "of course opposes dismissal but additionally cannot oppose transfer to another venue." [Docket No. 17.]

Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," 28 U.S.C. § 1391(b)(1), or "in which a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(b)(2). A district court presiding over a case filed in an improper venue "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue appears to be improper in this District as Defendant does not reside in New Jersey and no part of the events giving rise to Plaintiff's claim occurred in New Jersey. The Court, however, does not make a finding as to whether venue is improper.

Rather, the Court will transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that: "For the convenience of the parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district or division where it might have been brought." The Court gave the parties notice of its intention to transfer the case under Section 1404(a). [Docket No. 16.] Plaintiff does not oppose transfer to the Southern District of New York. [Docket No. 17.][1]

"If the proposed alternative forum is appropriate," as it is here, "it is then within the Court's discretion to transfer the action." *Taylor v. Global Credit & Collection Corp.*, 2010 WL 2521758, at *1 (D.N.J. June 14, 2010) (citing *Jumara v. State Farm Ins. Co.*,

---

[1] The Court does not have the benefit of Defendant's input as Defendant does not appear to have been properly served and has not made an appearance in this action.

55 F.3d 873, 883 (3d Cir. 1995)). Indeed, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "A determination that transfer to another jurisdiction is appropriate represents an 'exercise of . . . structured discretion by trial judges appraising the practical inconveniences posed to the litigants and the court should a particular action be litigated in one forum rather than another.'" *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 450 (D.N.J. 1999) (quoting Ricoh *Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting *Liny v. E.I. Du Pont de Nemours & Co.*, 886 F.3d 628, 632 (3d Cir. 1989))). Thus, the district court "is vested with a large discretion" to determine when transfer should be ordered "for the convenience of parties and witnesses, in the interest of justice," pursuant to Section 1404(a). *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973).

In deciding whether to transfer an action under Section 1404(a), courts in the Third Circuit consider both private and public interests, as delineated in *Jumara*, 55 F.3d at 879–80. The private interest factors include:

> 1) the plaintiff's forum preference; 2) the defendant's forum preference; 3) where the claim arose; 4) the convenience of the parties as indicated by their relative physical and financial condition; 5) the convenience of the witnesses, but only to the extent they may be unavailable for trial in one of the fora; and 6) the location of books and records (similarly to the extent that they could not be produced in the alternative forum).

*Id.* at 879 (internal citations omitted).

The Court has considered these factors and finds that they weigh in favor of transfer to the Southern District of New York.  While Plaintiff's forum preference is New Jersey, this choice warrants less deference where the operative facts occurred outside this District.  *See, e.g.*, *Acosta v. Costa*, 2024 WL 1117585, at *2 (D.N.J. Mar. 14, 2024); *Goldstein v. MGM Grand Hotel & Casino*, 2015 WL 9918414, at *2 (D.N.J. Nov. 5, 2015) ("the plaintiff's choice of forum is discounted significantly where 'the case has little connection with the chosen forum,' and the nucleus of operative facts occurred elsewhere.") (quoting *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227–28 (D.N.J. 1996)).  It is indisputable that the operative facts giving rise to Plaintiff's claim – namely the car collision between the parties and Plaintiff's alleged injuries resulting therefrom – occurred in New York, and not in this District.  Defendant is not a citizen of this District, but rather a citizen of Connecticut.  Indeed, the only connection to this District is Plaintiff's citizenship.  Additionally, the witnesses, accident records, and other evidence are largely located in New York, which further supports transfer.  *See, e.g.*, *Bakali v. Jones*, 2017 WL 3877854, at *1 (D.N.J. Sept. 5, 2017) (transfer appropriate where responding police, emergency medical personnel, rescue agency, and coroner were all located in Pennsylvania and the three eyewitnesses to motor vehicle accident all resided in Pennsylvania).

> Additionally, the relevant public interest factors include:
>
> 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora resulting from court congestion; 4) the local interest in deciding local controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879–80.

These factors, too, weigh in favor of transfer. It is unclear whether Defendant is subject to personal jurisdiction in New Jersey. If not, a judgment against Defendant in this District may prove difficult to enforce. And since the case arose out of an accident in New York, it is more practical for the case to be tried there "since it is anticipated that the relevant evidence and witnesses would most likely be located" there. *Acosta*, 2024 WL 1117585, at *3. Importantly, New Jersey has very little connection with the controversy, whereas New York has a greater interest in adjudicating the "local" dispute and "ensuring the safety of their highways and in resolving a personal injury dispute which originated within their state." *Nanni v. Meredith Paving Corp.*, 1995 WL 128033, at *2 (E.D. Pa. Mar. 24, 1995). Finally, while federal courts regularly apply the laws of other states, New York courts are better versed in applying New York tort law. *Acosta*, 2024 WL 1117585, at *3.

**ACCORDINGLY, IT IS HEREBY**, on this **5th** day of **June 2025**,

**ORDERED** that the Clerk of the Court is directed to **TRANSFER** this case to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a); and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** the above-captioned matter.

<u>**s/Renée Marie Bumb**</u>
RENÉE MARIE BUMB
Chief United States District Judge
